ALAN GELB
Law Offices of Alan Gelb
204 S. Kings Highway
Cherry Hill, NJ  08034
(856) 795-9992

| | | |
|---|---|---|
| Garden City Boxing Club, Inc. | : | US District Court |
|                Plaintiff | : | District of Maryland |
| v. | : | |
| | : | Civil Action #: H-02-CV-3680 |
| Goosebumps, Inc. t/a Goosebumps Tavern | : | |
| And Ralph E. Fisher, Jr. and George Barry | : | |
| Individually and as principals of | : | MOTION FOR DEFAULT JUDGMENT |
| Goosebumps, Inc. t/a Goosebumps | : | |
|                Defendants | : | |

**PLEASE TAKE NOTICE** that the undersigned will apply to the US District Court of Maryland, Northern Division, 101 W. Lombard Street, Room 4415, Baltimore, MD  21201 on a date and time to be set by the Court for an Order granting a Default Judgment in favor of the Plaintiff against the Defendants, **Goosebumps, Inc. t/a Goosebumps Tavern and Ralph E. Fisher, Jr. and George Barry,  Individually** and for such other and further relief as this Court may deem just and proper.

**PLEASE TAKE FURTHER NOTICE** that this application is being made pursuant to R. 1: 6-2 and the undersigned hereby requests that this matter be decided on the papers and only requests oral argument if this matter is contested.


                              Law Offices of Alan Gelb

                            BY:__/S/ Alan Gelb, Esq., Attorney for Plaintiff
                                ALAN GELB

## **CERTIFICATION**

1. I hereby certify that the original Notice of Motion and Certification have been filed with the US District Court of Maryland, Northern Division, 101 W. Lombard Street, Room 4415, Baltimore, MD 21201.

2. Defendants have been given notice as required by LAR (c)(3)(a);

3. The time for filing an answer has expired;

        Law Offices of Alan Gelb

        BY: /S/ Alan Gelb, Esq., Attorney for Plaintiff
            ALAN GELB

DATED: 4/18/03

## PROOF OF MAILING

On **4/18/03** I, the undersigned, caused to be mailed to Ralph E. Fisher, Jr. 151 N. Highland Avenue, Baltimore, MD 21224, and George Barry, 3904 E. Pratt Street, Baltimore, MD 21224, via regular, first class, postage prepaid mail, a copy of the within Motion for Default Judgment.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

    /S/ Joann Zanghi
JOANN ZANGHI

Dated: 4/18/03

ALAN GELB
Law Offices of Alan Gelb
204 S. Kings Highway
Cherry Hill, NJ  08034
(856) 795-9992

| Garden City Boxing Club, Inc. | : | US District Court |
| Plaintiff | : | District of Maryland |
| v. | : | |
| | : | Civil Action #: H-02-CV-3680 |
| Goosebumps, Inc. t/a Goosebumps Tavern | : | |
| And Ralph E. Fisher, Jr. and George Barry | : | |
| Individually and as principals of | : | AFFIDAVIT OF ALAN GELB |
| Goosebumps, Inc. t/a Goosebumps | : | |
| Defendants | : | |

Alan Gelb, of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am an attorney at law of the State of New Jersey with the Law Offices of Alan Gelb, and am entrusted in the handling of the above entitled matter on behalf of the Plaintiff, Garden City Boxing Club, Inc..

2. This Court has jurisdiction pursuant to 28 U.S.C. Section 1331.

3. This action was commenced on November 15, 2002 by the filing of a Complaint and the issuance of a Summons.  On March 5, 2003 copies of the Summons and Complaint were served upon the Defendants, Ralph E. Fisher, Jr. and George Barry, Individually.   Proofs of service were filed with the Court on March 20, 2003.

4. The Defendants have not answered or otherwise moved with respect to the Complaint and the time for the Defendants to answer or otherwise move has expired.

5. Plaintiff is now moving for a default judgment and is entitled to damages as follows:

    (a) $110,000.00 for statutory damages;

    (b) attorneys fees in the amount of $1120.00 and costs in the amount of $587.00

6. The sum of $1120.00 represents the fees for legal services by the Law Offices of Alan Gelb in connection with this litigation.  The services of Alan Gelb are billed to the client at $175.00 per hour.

7. The total number of hours expended on behalf of the Plaintiff for which compensation is sought is as follows:

    Alan Gelb               6.4hours

    **Total**                    **6.4 hours**

8. I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                LAW OFFICES OF ALAN GELB

        BY:   /S/ Alan Gelb, Esq., Attorney for Plaintiff
                 ALAN GELB

DATED: 04/18/03

## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Garden City Boxing Club, Inc. | : | |
|     Plaintiff | : | Civil Action #: H-02-3680 |
| v. | : | |
| | : | |
| Goosebumps, Inc. t-a Goosebumps Tavern and Ralph E. Fisher and George Barry, Individually & as Principals of Goosebumps, Inc. t-a Goosebumps | : | AFFIDAVIT OF JOSEPH GAGLIARDI |
|     Defendants | : | |

Joseph Gagliardi, of full age, being duly sworn according to law, upon his oath, deposes and says:

1. I am the President of Garden City Boxing Club, Inc., the Plaintiff in the above entitled matter, and am fully competent to testify regarding the above referenced matter.

2. I submit this brief in support of my Motion to recover maximum statutory damages, including attorneys fees, investigative costs, and interest in the request for judgment by default.

3. The Plaintiff purchased the territorial rights to exhibit the Lewis/Tyson boxing event, and all undercard bouts which was held on June 8, 2002.

4. The Plaintiff embarked upon a program that was designed to identify and prosecute commercial establishments that stole their broadcast in the State of Maryland. For each event, the Plaintiff expended in excess of $100,000.00, for each broadcast, in anti-piracy investigations.

5. It is essential that I communicate to the Court that to the best of my knowledge, this programming is not and cannot be "mistakenly or innocently intercepted". Some methods that a signal pirate can unlawfully intercept and broadcast such program illegally are as follows without limitation:

    A. The use of a "blackbox" which is purchased for a fee and when installed on a cable TV line, will allow for the descrambled reception of a pay-per-view broadcast, or

  B. The purposeful misrepresentation of a commercial establishment as a residential property would allow the purchase of a pay-per-view broadcast between the sum of $25.00 and $50.00, or

  C. The use of a illegal cable drop or splice from an apartment or home adjacent to the commercial establishment premises who would purchase the broadcast at a residential price and divert the program to the commercial establishment and/or

  D. The same initial actions being employed with respect to a "DSS Satellite Systems" or a "C-Band Satellite System."

  6. These forms of satellite theft also involve the misrepresentation of a residential location, purchase of illegal unincryption devices, and/or the purchase of illegal satellite authorization codes which are readily available on the internet and in trade publications which are presently unregulated in the Nation of Canada.

  7. Turning these facts to the matter before the Court, I understand that the Court has discretion in the awarding of damages for these nefarious and illegal activities.

  8. I ask this Court to grant the maximum allowance for statutory damages due to the fact that such actions are intentional and do not and cannot occur without the willful and intentional modification of electronic equipment, the business misrepresentation of a commercial establishment as residential one, or the removal of cable traps or devices designed to prevent such unauthorized exhibits. Plaintiff is able to substantiate its damages in the sum of One Hundred Ten Thousand Dollars ($110,000.00) per Defendant, as delineated below:

### STATUTORY CLAIMS

  A. Pursuant to 47 U.S.C. § 605 (e)(III)(C)(i)(II), for the unlawful exhibitions for commercial advantage of the Closed Circuit Television Signals of the Lewis/Tyson fight on June 8, 2002, the sum of Ten Thousand Dollars ($10,000.00) per Defendant.

  B. Pursuant to 47 U.S.C. § 605 (e)(III)(C)(i)(II), for the unlawful modification of device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services which resulted in the willful and intentional interception of the closed circuit television signals of the Lewis/Tyson event on June 8, 2002, the statutory maximum of One Hundred Thousand Dollars ($100,000.00) per Defendant.

  C. Costs in the amount of $587.00 as delineated below:

| | | |
|---|---|---|
| (A) | COURT FILING FEE…………………….| $150.00 |
| (B) | INVESTIGATIVE COSTS………………. | $315.00 |
| (C) | SERVICE OF PROCESS……………….. | $100.00 |
| (D) | POSTAGE……………………………….. | $ 12.00 |
| (E) | COPIER………………………………….. | $ 10.00 |

  2. That on knowledge and belief, the defendant is not an infant or an incompetent person.

  3. That, on knowledge and belief, the defendant is not in the military service of the United States.

WHEREFORE, I respectfully request this Court to grant Plaintiff's request for maximum statutory damages in the sum of $110,000.00, per Defendant, plus interest. Plaintiff is also requesting attorney's fees and costs in the amount of $1707.00 be awarded.

    /S/ Alan Gelb, Esq., Attorney for Plaintiff
    ALAN GELB, Attorney for Plaintiff


    /S/ Joseph Gagliardi, Plaintiff
    JOSEPH GAGLIARDI, President
    Garden City Boxing Club

ALAN GELB
Law Offices of Alan Gelb
204 S. Kings Highway
Cherry Hill, NJ  08034
(856) 795-9992

| Garden City Boxing Club, Inc. | : | US District Court |
| Plaintiff | : | District of Maryland |
| v. | : | |
| | : | Civil Action #: H-02-CV-3680 |
| Goosebumps, Inc. t/a Goosebumps Tavern | : | |
| And Ralph E. Fisher, Jr. and George Barry | : | |
| Individually and as principals of | : | ORDER |
| Goosebumps, Inc. t/a Goosebumps | : | |
| Defendants | : | |

This matter having been brought before the Court on motion of ALAN GELB, ESQUIRE, attorney for the Plaintiff, Garden City Boxing Club, Inc., for an Order granting default and Judgment against **Ralph E. Fisher, Jr. and George Barry, Individually**, in the amount of $110,000.00 each, and the Court having considered the matter and good cause appearing,

It is on this _____ day of _____ 2003 ORDERED that the above Judgment is hereby entered against **Ralph E. Fisher, Jr. and George Barry, Individually** in the amount of $110,000.00 each, and $1707.00 in attorneys fees/costs in the above referenced matter.

It is further Ordered that a copy of the within Order be served upon all counsel within _____ days of this Order.

_____
USDJ

ALAN GELB
Law Offices of Alan Gelb
204 S. Kings Highway
Cherry Hill, NJ  08034
(856) 795-9992

| | | |
|---|---|---|
| Garden City Boxing Club, Inc. | : | US District Court |
| Plaintiff | : | District of Maryland |
| v. | : | |
| | : | Civil Action #: H-02-CV-3680 |
| Goosebumps, Inc. t/a Goosebumps Tavern | : | |
| And Ralph E. Fisher, Jr. and George Barry | : | |
| Individually and as principals of | : | PETITION FOR FEES/COSTS |
| Goosebumps, Inc. t/a Goosebumps | : | |
| Defendants | : | |

Plaintiff, by and through its attorney, ALAN GELB, requests this Court to award Plaintiff attorneys fees and costs in the amount of $1707.00. Plaintiff can substantiate the amount as follows:

| **Date** | **Description** | **Hours** |
|---|---|---|
| 07/16/02 | Sent initial demand letter-certified | 0.3 |
| 08/19/02 | Sent second letter | 0.3 |
| 10/28/02 | Prepared & sent request to LCB | 0.3 |
| 11/06/02 | Prepare & file complaint | 1.5 |
| 11/25/02 | Sent Complaint out for service | 0.5 |
| 12/31/02 | Prepared & Filed Corporate Disclosure | 0.2 |
| 01/20/03 | Sent status to Judge | 0.2 |
| 03/07/03 | Sent status to Judge | 0.2 |
| 03/17/03 | Filed Returns of Service with Court | 0.3 |
| 04/07/03 | Prepared & filed Entry of Default | 0.6 |
| 04/18/03 | Prepared & filed Motion for Default Judgment | 2.0 |

TOTAL HOURS: 6.4

## COSTS

| Description | Cost |
|---|---|
| Postage | $12.00 |
| Copying | $10.00 |
| Filing Fee | $150.00 |
| Service | $100.00 |
| Investigative Costs | $315.00 |

TOTAL COSTS:  $587.00
TOTAL FEES:   $1120.00
TOTAL:        $1707.00

Respectfully Submitted,
BY:  /S/ Alan Gelb, Esq., Attorney for Plaintiff
ALAN GELB