MAGAZINE & HILLMAN, P.C.
Robert H. Hillman, Fed. Bar 06910
416 Hungerford Drive
Suite 435
Rockville, Maryland 20850
301-340-8300 Fax 301-251-9632

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

GARDEN CITY BOXING CLUB, INC.         :

   Plaintiff`                         :

      v.                              :    Civil Action # H-02-03680

GOOSEBUMPS, INC. et al                :

   Defendants                         :    PLAINTIFF'S BRIEF IN SUPPORT

                                                         OF DAMAGES ON DEFAULT

Comes now the Plaintiff, Garden City Boxing Club, Inc., by and through its undersigned counsel, Robert H. Hillman and Magazine & Hillman, PC and Alan Gelb, and in support of its claims for damages pursuant to the default rendered in this matter, asserts as follows:

**FACTS**

On or about June 8, 2002, the Plaintiff marketed and distributed closed circuit rights to a boxing event commonly known as the Lennox Lewis v. Mike Tyson fight. The Plaintiff, Garden City Boxing Club, Inc. (hereinafter known as "Garden City") purchased for a substantial

fee the exclusive licensing rights to the live closed circuit television broadcast of the Lennox Lewis and Mike Tyson main event boxing match, including the "undercard" and or preliminary bouts ("Event") pursuant to the rights purchased, the closed circuit broadcast of the Event was not intended for the use of the general public and in Maryland was intended to be publically broadcasted only to commercial establishments that were contractually permitted pursuant to a license agreement to show the event on a pay-per-view format.

Various commercial establishments in Maryland contracted with the Plaintiff to broadcast the Event and were provided with electronic decoding equipment or, if the establishment already possess such equipment, were provided with electronic address information necessary to receive and decode the signal. In the Plaintiff's Complaint it is alleged that the establishment, the former Defendant, Goosebumps, Inc. D/b/a Goosebumps Tavern ("Goosebumps") and its principals, Ralph Edward Fisher, Jr. and George Berry ("Fisher" and "Berry"), unlawfully intercepted and received the signal carrying the Event and broadcasted the Event to various patrons of Goosebumps. Garden City further asserts the alleged acts of the Defendants entitle the Plaintiff, Garden City, to recover statutory damages

under 47 U.S.C. §705(a) The Federal Communications Act ("The Act")and pursuant to 47 U.S.C. §605(e)(3)(C)(I)(II) in the amount of $10,000.00, and (2) additional damages in the amount of $100,000.00 pursuant to 47 U.S.C. §605(e)(3)(C)(i), and (3) full costs, including reasonable attorneys' fees as is more fully set forth pursuant to 47 U.S.C.§605(e)(3)(B)(iii) in seeking its damages in this matter pursuant to a default judgment entered by this Court on or about April 7, 2003 as service was perfected upon the Defendants, Fisher and Berry, on March 5, 2003.  Garden City asserts that the undisputed facts establishes as a matter of law that all  Defendants violated the Act.  No Answer had been field by any of the Defendants in this matter, and pursuant to notice filed by the Plaintiff in this matter, the Defendant, Goosebumps, Inc., was dismissed insofar as the corporate existence has ceased in the State of Maryland.

In support of the Motion for Damages, Garden City has attached to its Complaint the Affidavit of Paul Carl Wilson, a private investigator employed with Information Search, Inc., an investigation company which was hired by Garden City to investigate illegal showing of the Event, as well as the Affidavit of Joseph Gagliardi, the President of Garden City Boxing Club, Inc., who opined that the Defendants were not licensed to receive the Event.

Wilson in his Affidavit states "that on the night of the Event, he was in Goosebumps Tavern between the hours of 11:50 p.m. and 12:10 a.m., and that he had observed being broadcast to between 34 and 41 persons on two television sets, those being a 27" Phillips-Magnavox and 25" Sanyo televisions located at the right and center of the bar area. Attached hereto and made a part hereof is the Affidavit of Paul Wilson as Exhibit 1.

The Complaint further states that Garden City did not authorize the Defendants jointly or severally or through any third party the right to intercept the Event and that the Event was obtained by the Defendants utilizing either an illegal satellite receiver and/or illegal cable converter box and/or device to intercept the broadcast of the Event which originated via a satellite uplink and then was re-transmitted via satellite or microwave signal to various cable and satellite systems. This is evidenced by Joseph Gagliardi's Affidavit, Exhibit 2.

The Affidavit of Mr. Wilson clearly indicate his observance of the Event while there is a full and detailed description of the facility which was showing the Event as well as the un-named bartender at the time, such that the Event was obtained and intentionally shown by the Defendants at Goosebumps.

22ee\O:\5527-Gelb-GardenCity\Brief.wpd/May 13, 2003

**ARGUMENT**

47 U.S.C. §705(a) of the Act provides in part that it shall be illegal for any person not authorized to intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect or meaning of such intercepted communication to any person. The Statute has been interpreted to prohibit theft of scrambled satellite communications and cable television services. See <u>California Satellite Systems v. Seimon</u>, 767 F2d 1364, 1366-67 (9th Circuit 1985) <u>That's Entertainment, Inc. v. J. P. T., Inc.</u>, 843 F. Supp 995, 998-99 (1993). Furthermore, the Act clearly prohibited commercial establishments from intercepting even unscrambled programming. <u>Quincy Cablesystems, Inc. v. Sully's Bar, Inc.</u> ,640 F. Supp, 1159, 1160-61 (D.Mass 1986).

It is quite evident from the ongoing that the former Defendant, Goosebumps and its owners, the Defendants Fisher and Barry, violated §705 of the Act by their unlawful interception of the Event, and thereafter unauthorized broadcast of the Event to the patrons in Goosebumps Tavern. There is no proof that the Defendants or Goosebumps Tavern were authorized to intercept and view the Event on a pay-per-view basis. On the contrary, the Affidavit of Joseph Gagliardi indicates they in fact were not authorized. Assuming that

the Defendants did show the fight, this being a commercial establishment, they were required to obtain a license based upon the number of patrons in facility and the evidence presented in the Complaint clearly delineates that no such authorization or license was obtained or permitted by the Defendants or Goosebumps. See Exhibit 2.

In the instant matter, Garden City need only to establish that the showing of the Event was unauthorized. If Garden City can establish the willfulness or knowingly showing of the Event by the Defendants, then they are entitled to an increase in damages pursuant to 47 U.S.C. §605(e)(3)(c)(iii). The Plaintiff, Garden City, clearly indicates that the interception was unlawful and unauthorized and that the Defendants presumably profited by showing the fight to the 30-40 individuals in the tavern at the time at the expense of the Plaintiff. Additionally, the Court can reasonably and defiably determine that the Defendants, either directly or indirectly, diverted the signal of the Event for the establishment of a knowing and or willful conduct. Nothing indicates that there was any good faith lack of intent to show the Event on the Tavern's two television sets. Further, both television sets appear to have been interconnected to obtain the de-scrambled signal through the use of

either a satellite de-scrambler or cable converter.

The Plaintiff, Garden City, has established the knowing and willful conduct establishing diverting and intercepting the transmission of the Event, and the individuals, Fisher and Barry, in that their failure to respond and having a default judgment entered against them clearly indicates and establishes their lack of good faith defense and further supports the establishment of "a knowing and willful conduct".

Furthermore, in Affidavits previously filed by Garden City in its Motion for Entry of Default, the Plaintiff has established damages and continues to incur additional damages arising out of the protracted litigation necessitated under the default judgment. The undersigned counsel bills at $275.00 per hour and by entering his appearance has been required to familiarize himself wit the case, prepare praecipe, and research for the brief and to draft same, plus preparing for, traveling to and arguing for damages on the default judgment (Some 10.4 hours of time). As such, the Plaintiff is entitled to be compensated for Mr. Gelb's legal fees of $1,120.00 and costs of $587.00 plus additional counsel fees of $2,860.00 for total

counsel fees and costs of $4,567.00

## CONCLUSION

Accordingly, the Plaintiff, Garden City, having properly pled and obtained a default judgment against the Defendants, Barry and Fisher, who have failed to provide any defenses or plead any good faith defense assertion as to any liability, the Plaintiff, Garden City, has established that the Defendants violated 47 U.S.C. §605 (a) of the Act by their unauthorized interception, receipt and broadcast of the Event to the patrons of Goosebumps Tavern on June 8, 2003, and that Garden City is entitled to the damages set forth under 47 U.S.C. §605 (e) and §553 of the Act, including the assertion of damages for knowing and willful interception, including reasonable attorneys fees of $4,567.00 and costs.

LAW OFFICES MAGAZINE & HILLMAN

    /s/
Robert H. Hillman, Fed. Bar 06910

LAW OFFICES OF ALAN GELB

    /s/
Alan Gelb

Dated: 5/13/03

## CERTIFICATION

1. I hereby certify that the original Plaintiff's Brief in Support of Damages on Default have been filed with the US District

22ee\O:\5527-Gelb-GardenCity\Brief.wpd/May 13, 2003

Court of Maryland, Northern Division, 101 W. Lombard Street, Room 4415, Baltimore, MD  21201

2. Defendants have been given notice as required by LAR (c)(3)(a).

                                LAW OFFICES MAGAZINE & HILLMAN

                                _____/s/_____
                                Robert H. Hillman, Fed. Bar 06910

                                LAW OFFICES OF ALAN GELB

                                _____/s/_____
                                Alan Gelb

Dated: 5/13/03

**PROOF OF MAILING**

On May 13, 2003, I, the undersigned, caused to be mailed to Ralph E. Fisher, 151 North Highland Avenue, Baltimore, MD 21224 and George Barry, 3904 East Pratt Street, Baltimore, MD 21224, by first class mail, postage prepaid, a copy of the within Plaintiff's Brief in Support of Damages on Default.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

/s/<br>Robert H. Hillman

Dated: 5/13/03